UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DARLA KEYS, JILL CHERAMIE AS MOTHER AND EXECUTRIX ON BEHALF OF KORTE CHERAMIE, AND DANIEL WADDOUPS<br><br>VERSUS<br><br>U.S. XPRESS, INC., JOHN DOE, AND ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | CIVIL ACTION NO.<br><br>SECTION:<br><br>MAGISTRATE |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, U.S. Xpress, Inc., who files this Notice of Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represents the following:

### BACKGROUND

I.

Darla Keys, Jill Cheramie, as mother and executrix on behalf of Korte Cheramie, and Daniel Waddoups, Plaintiffs herein, filed a lawsuit styled *Darla Keys, Jill Cheramie as mother and executrix on behalf of Korte Cheramie, and Daniel Waddoups vs. U.S. Xpress, Inc., John Doe, and Allstate Fire and Casualty Insurance Company* in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, No. 657399, Division I, naming U.S. Xpress, Inc., John Doe, and Allstate Fire and Casualty Insurance Company as Defendants. The suit

1

seeks damages for physical pain and suffering, mental pain and suffering, medical expenses, and property damage for Plaintiffs' alleged injuries sustained in a purported automobile accident occurring in Gregg County, Texas on April 26, 2016.  (See Petition for Damages attached as Exhibit "1"; See also Copy of State Court Record attached as Exhibit "2").

II.

The state court action commenced on May 1, 2017. These Defendants received notice on or after May 15, 2017; therefore, removal is timely under 28 U.S.C. § 1446(B)(1)-(3).

**BASIS OF REMOVAL**

III.

This suit is removable to this Court under and by virtue of the federal statutes and acts of the Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441, which provide federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

IV.

U.S. Xpress, Inc. is incorporated in the State of Nevada with its principal place of business in the State of Tennessee.

V.

Allstate Fire and Casualty Insurance Company is domiciled in the State of Illinois.

VI.

The citizenship of John Doe is not relevant to removal, as this is a fictional defendant.

VII.

Darla Keys is a citizen of the State of Louisiana.

VIII.

Jill Cheramie is a citizen of the State of Louisiana.

IX.

Daniel Waddoups is a citizen of the State of Texas.

X.

Because Plaintiffs are citizens of the State of Louisiana and State of Texas and all Defendants are citizens of states other than Louisiana and Texas, complete diversity of citizenship exists among the parties.

IX.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

X.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).

XI.

Since Article 893 of the Louisiana Code of Civil Procedure prohibits a plaintiff from pleading a specific dollar amount of damages, no specific dollar amount is provided in the

Plaintiffs' Petition.  For purposes of removal, however, it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

XII.

In the Petition, for example, Plaintiffs allege that the operator of the U.S. Xpress vehicle failed to slow down and struck Plaintiff Cheramie's vehicle, pushing the vehicles into the back of Plaintiff Waddoups' vehicle. The Petition further alleges that the sole and proximate cause of the accident and injuries alleged was the negligence of the operator of the U.S. Xpress vehicle.  (*See* Petition for Damages, ¶¶  12 & 15 , attached as Exhibit "1").

XIII.

Based on these allegations, Plaintiffs claim they suffered personal injuries that necessitated medical treatment, including injuries to neck, shoulder, back, and knee and the vehicle sustained damage. *Id.* at ¶¶  16 & 17. Further, Plaintiff Waddoups claims that the accident caused damage to his vehicle. Plaintiffs seek to recover damages for medical payments, mental anguish, pain and suffering, and property damage. *Id.*

XIV.

Based on the allegations of Plaintiffs' Petition for Damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

XV.

U.S. Xpress does not admit the underlying facts alleged by Plaintiffs and denies liability to Plaintiffs.

## **REMOVAL PROCEDURE**

XVI.

All defendants who have been properly served with Plaintiffs' petition affirmatively consent to the removal of this action.  *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (observing that notice of removal filed before all non-resident defendants served with process still effective).

XVII.

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

XVIII.

The state court action was commenced on May 1, 2017 and this removal has been filed within one (1) year after its commencement.

XIX.

While reserving all rights to assert dismissal due to *forum non conveniens* and improper venue, venue for removal is appropriate within the Middle District of Louisiana because the matter is being removed from Division I of the 19th Judicial District Court for the Parish of East Baton Rouge—a court which the Middle District of Louisiana embraces, and more specifically:

>The Honorable R. Michael Caldwell
>19th Judicial District Court, Parish of East Baton Rouge
>Division I
>300 North Boulevard
>Baton Rouge, Louisiana 70801
>Phone: (225) 389-4734
>Facsimile: (225) 389-8616

XX.

Under 28 U.S.C. § 1446(d), the movers affirm that they will give written notice of this removal to all adverse parties and will file a copy of the Notice with 19th Judicial District Court Parish of East Baton Rouge.  No defendant objects to the filing of this Removal.

XXI.

Pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers identify all known counsel as follows:

a. *Counsel for Plaintiffs – Darla Keyes, Jill Cheramie as mother and executrix on behalf of Korte Cheramie, and Daniel Waddoups*
   Julie Quinn  (#21923)
   Justin E. Alsterberg (#31015)
   855 Baronne Street
   New Orleans, Louisiana 70113
   Telephone: (504) 522-5607
   Fax: (504) 302-9360

b. *Counsel for Defendant—U.S. Xpress, Inc.*
   Andrea L. Albert (#27353)
   Ryan D. O'Connor (#35272)
   Galloway, Johnson, Tompkins, Burr & Smith
   #3 Sanctuary Boulevard, Third Floor
   Mandeville, Louisiana  70471
   Phone:  (985) 674-6680
   Facsimile:   (985) 674-6681

c. *Counsel for Defendant – Allstate Fire and Casualty Insurance Company*
   Bryan J. Haydel, Jr. (#27500)
   Kelly R. Englert (#34536)
   Kirk D. Pfefferle (#35281)
   Porteous, Hainkel, & Johnson, L.L.P.
   Baton Rouge, LA 70801
   Phone: (225) 336-8920
   Facsimile: (225) 336-8929

XXII.

Further pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers attach a copy all state court pleadings, including any answers and any return of service of process filed in state court so far. *See* Exhibit "2".

XXIII.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal. She likewise certifies that to the best of her knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

**WHEREFORE,** Defendant, U.S. Xpress, Inc., prays that this Notice be accepted as good and sufficient, and that this civil action be removed from the 19th Judicial District Court Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court for determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the 19th Judicial District Court Parish of East Baton Rouge, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted,

 /s/ Andrea L. Albert
**ANDREA L. ALBERT (#27353)**
**RYAN D. O'CONNOR (#35272)**
**GALLOWAY, JOHNSON, TOMPKINS,**
  **BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana  70448
Telephone: (985) 674-6680
Facsimile:  (985) 674-6681
*Attorneys for U.S. Xpress, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2017 a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

/s/ Andrea L. Albert
**ANDREA L. ALBERT**