IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DARLA KEYS, JILL CHERAMIE AS MOTHER AND EXECUTRIX ON BEHALF OF KORTE CHERAMIE, AND DANIEL WADDOUPS<br><br>*Plaintiffs,*<br><br>VS.<br><br>U.S. XPRESS, INC., JOHN DOE, AND ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY<br><br>*Defendants.* | § § § § § § § § § § § § § § § | Civil Action No. 6:18-cv-00058 |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S FIRST AMENDED ANSWER

COMES NOW Defendant Allstate Fire and Casualty Insurance Company (Allstate) and files this First Amended Answer and would show the Court the following:

### I. LIMITED GENERAL DENIAL

1. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Allstate asserts a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted herein.

### II. ADMISSIONS & DENIALS

2. Defendant denies the allegations in Paragraph 1 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

3. Defendant denies the allegations in Paragraph 2 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

4. Defendant denies the allegations in Paragraph 3 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

5. Defendant denies the allegations in Paragraph 4 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

6. Defendant denies the allegations in Paragraph 5 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

7. Defendant Allstate denies the allegations in Paragraph 6 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

8. Defendant denies the allegations in Paragraph 7 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

9. Defendant denies the allegations in Paragraph 8 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

10. Defendant denies the allegations in Paragraph 9 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

11. Defendant denies the allegations in Paragraph 10 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

12. Defendant denies the allegations in Paragraph 11 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

13. Defendant denies the allegations in Paragraph 12 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

14. Defendant denies the allegations in Paragraph 13 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

15. Defendant denies the allegations in Paragraph 14 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

16. Defendant denies the allegations in Paragraph 15 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

17. Defendant denies the allegations in Paragraph 16 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

18. Defendant denies the allegations in Paragraph 17 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

19. Defendant denies the allegations in Paragraph 18 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

20. Defendant denies the allegations in Paragraph 19 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

21. Defendant denies the allegations in Paragraph 20 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

22. Defendant denies the allegations in Paragraph 21 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

23. Defendant denies the allegations in Paragraph 22 of Plaintiffs' Complaint because it does not have sufficient knowledge or information to form a belief about the truth of the allegation.

24. Defendant admits the allegations in Paragraph 23 of Plaintiffs' Complaint to the extent that Allstate had issued a valid and outstanding policy of underinsured motorist protection in the name of Darla Keys but notes that the policy contains many conditions, provisions, exclusions,

and limitations that may render the policy inapplicable to Plaintiff Darla Keys or Plaintiff Korte Cheramie. Defendant denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

### III. DEFENSES

25. For further answer herein, or in the alternative, Defendant would show that any injuries or damages of Plaintiffs resulted from the acts, omissions, faults, negligence, and/or intentional acts of others for whom this Defendant is not responsible and Defendant denies that it is in any way responsible for any alleged injuries or damages and states that each such action or inaction, was the sole cause, or alternatively, a proximate, producing, intervening, superseding, or comparative cause of any such injuries or damages to Plaintiffs. Defendant would further show that the acts or omissions of a separate and independent agency not reasonably foreseeable destroyed the causal connection, if any, between the negligence alleged and the occurrence in question.

26. For further answer herein, or in the alternative, Defendant asserts that Plaintiffs' claims result from the occurrence of an unavoidable accident, that is, an event not proximately caused by the negligence of any party to it.

27. For further answer herein, or in the alternative, Defendant further alleges Plaintiffs' claims are barred in whole or in part due to the contributory negligence of Plaintiffs in that said Plaintiffs failed to exercise, by their own acts or omissions, the ordinary care, prudence, or caution of a reasonable person to avoid the damages as alleged in Plaintiffs' Complaint. Such acts or omissions by said Plaintiffs, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' Complaint.

28. For further answer herein, or in the alternative, Defendant invokes the provisions of Chapter 33, Texas Civil Practice and Remedies Code and hereby respectfully requests the Court to submit to the jury for determination questions concerning proportionate responsibility and contribution as may be appropriate and raised by the evidence at the trial of said cause.

29. For further answer herein, or in the alternative, Defendant further alleges Plaintiffs' injuries, if any, were solely and alone caused by natural conditions, diseases, or other injuries of their bodies and were in no way caused or aggravated by any occurrence sustained by Plaintiffs as alleged. In the alternative, Defendant further alleges that Plaintiffs' damages, if any, should not include any amount for any condition existing before or after the occurrence in question.

30. For further answer herein, or in the alternative, Defendant further alleges that Plaintiffs' recover for damages, if any, is limited by the provisions of Chapter 41, Texas Civil Practice & Remedies Code, which limits recovery of past medical expenses to the amount actually paid or incurred by or on behalf of Plaintiffs.

31. For further answer herein, or in the alternative, Defendant is entitled to an offset or credit in the amount of the insurance policy of the at-fault driver, as well as any other sums of money paid to Plaintiffs by any entity for all or any portion of Plaintiffs' damages, including payments of Personal Injury Protection or Med-Pay coverage under the Allstate policy which may have already been paid to Plaintiff.

## IV. JURY DEMAND

32. Defendant asserts its right to a trial by jury, under the Seventh Amendment to the U.S. Constitution and Rule 81(c)(3) of the Federal Rules of Civil Procedure. Defendant renews its

demand for a trial by jury, previously demanded in its *Answer to Petition for Damages and Jury Order* filed in Louisiana state court prior to removal of this action to U.S. District Court.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this cause be dismissed, that Plaintiffs take nothing in this action, and that Defendant recover all costs together with such other and further relief to which she may be justly entitled.

Respectfully submitted,

**SHANE MCGUIRE**
Texas Bar No. 24055940
**DANIEL COOK**
Texas Bar No. 24097525
THE MCGUIRE FIRM, PC
102 N. College St., Suite 301
Tyler, Texas 75702
Phone: 903-630-7154
Fax: 903-630-7173
shane@mcguirefirm.com
daniel@mcguirefirm.com
**ATTORNEYS FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2018, a copy of the forgoing document was electrically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

SHANE MCGUIRE

Defendant Allstate Fire and Casualty Insurance Company's First Amended Answer
Keys, et al. v. U.S. Xpress, Inc., et al.

Page 6